# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

UNITED STATES OF AMERICA      :

v.      :  Case No. 2:26-cr-00048

MONICA DILLON      :

## AGREED STATEMENT OF FACTS

This Agreed Statement of Facts briefly summarizes the facts and circumstances surrounding the criminal conduct at issue in this case and provides an independent factual basis for MONICA DILLON's guilty plea to Counts One through Five in the Information. Counts One through Five charge DILLON with identity theft in violation of 18 U.S.C. § 1028(a)(7).

This Statement of Facts does not contain all information obtained during this investigation and applicable to an accurate Presentence Report and Sentencing Guidelines calculation. This Statement of Facts is not protected by proffer agreement or any other agreement and shall be wholly admissible at trial notwithstanding any Rules or statutes to the contrary, including but not limited to, Federal Rules of Evidence 408 and 410, and Federal Rule of Criminal Procedure 11.

Had this matter gone to trial, the United States would have proven the following facts beyond a reasonable doubt through admissible evidence:

1. Between January 2021 and January 2023, DILLON knowingly used a means of identification of Victim 1, including Victim 1's name, social security number, and date of birth.

2. DILLON did not have permission to use Victim 1's means of identification and knew that Victim 1 was another actual person.

3. DILLON used Victim 1's means of identification to open and operate online gambling accounts, which operate using the internet.

1

4. DILLON's use of Victim 1's means of identification resulted in DILLON obtaining more than $1,000 in gambling winnings during a one-year period.

5. In opening and operating the online gambling accounts in Victim 1's name, DILLON made financial transactions in Victim 1's name.

6. DILLON's use of Victim 1's means of identification was in and affecting interstate commerce.

7. Between January 2021 and January 2023, DILLON knowingly used a means of identification of Victim 2, including Victim 2's name, social security number, and date of birth.

8. DILLON did not have permission to use Victim 2's means of identification and knew that Victim 2 was another actual person.

9. DILLON used Victim 2's means of identification to open and operate online gambling accounts, which operate using the internet.

10. DILLON's use of Victim 2's means of identification resulted in DILLON obtaining more than $1,000 in gambling winnings during a one-year period.

11. In opening and operating the online gambling accounts in Victim 2's name, DILLON made financial transactions in Victim 2's name.

12. DILLON's use of Victim 2's means of identification was in and affecting interstate commerce.

13. Between January 2021 and January 2023, DILLON knowingly used a means of identification of Victim 3, including Victim 3's name, social security number, and date of birth.

14. DILLON did not have permission to use Victim 3's means of identification and knew that Victim 3 was another actual person.

2

15. DILLON used Victim 3's means of identification to open and operate online gambling accounts, which operate using the internet.

16. DILLON's use of Victim 3's means of identification resulted in DILLON obtaining more than $1,000 in gambling winnings during a one-year period.

17. In opening and operating the online gambling accounts in Victim 3's name, DILLON made financial transactions in Victim 3's name.

18. DILLON's use of Victim 3's means of identification was in and affecting interstate commerce.

19. Between January 2021 and January 2023, DILLON knowingly used a means of identification of Victim 4, including Victim 4's name, social security number, and date of birth.

20. DILLON did not have permission to use Victim 4's means of identification and knew that Victim 4 was another actual person.

21. DILLON used Victim 4's means of identification to open and operate online gambling accounts, which operate using the internet.

22. In opening and operating the online gambling accounts in Victim 4's name, DILLON made financial transactions in Victim 4's name.

23. DILLON's use of Victim 4's means of identification was in and affecting interstate commerce.

24. Between January 2021 and January 2023, DILLON knowingly used a means of identification of Victim 5, including Victim 5's name, social security number, and date of birth.

25. DILLON did not have permission to use Victim 5's means of identification and knew that Victim 5 was another actual person.

3

26. DILLON used Victim 5's means of identification to open and operate online gambling accounts, which operate using the internet.

27. In opening and operating the online gambling accounts in Victim 5's name, DILLON made financial transactions in Victim 5's name.

28. DILLON's use of Victim 5's means of identification was in and affecting interstate commerce.

29. West Va. Code § 61-3-54 makes it a felony to knowingly use another person's identifying information, without that person's consent, with the intent to fraudulently represent that he or she is the other person for the purpose of making financial or credit transactions in the other person's name.

Date: 4/6/2026

MONICA DILLON,
Defendant

Date: 4/6/2025

TIM CARRICO, Esq.
Counsel for Defendant

Date: 4/20/2026

SALLY J. SULLIVAN
Special Assistant United States Attorney
D.C. Bar No. 1021930

*Acting Under Authority Conferred by 28 U.S.C. § 515*

4